# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRYON LARRY SMITH, | Case No. CV 09-9219-CAS (JEM) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| NATHAN KOURI, et al., | |
| Defendants. | |

On January 11, 2010, Tryon Larry Smith ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint").

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

1  alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,
2  901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on
3  which relief may be granted, allegations of material fact are taken as true and construed in
4  the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.
5  1989).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual
6  allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of
7  a civil rights complaint may not supply essential elements of the claim that were not initially
8  pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
9  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

10     Although a complaint "does not need detailed factual allegations" to survive
11 dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic
12 recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,
13 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in
14 Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations
15 sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely
16 possible or conceivable.  Id. at 557, 570.

17     Simply put, the complaint must contain "enough facts to state a claim to relief that is
18 plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents
19 enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v.
20 Iqbal, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009).  This standard is not a probability
21 requirement, but "it asks for more than a sheer possibility that a defendant has acted
22 unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops
23 short of the line between possibility and plausibility.  Id.

24     In a pro se civil rights case, the complaint must be construed liberally to afford
25 plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,
26 623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a
27 claim, the plaintiff should be given a statement of the complaint's deficiencies and an
28 opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by

amendment should the complaint be dismissed without leave to amend. Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim on which relief may be granted and **ORDERS** the Complaint **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff appears to allege four separate claims. First, plaintiff claims that Los Angeles Police Department ("LAPD") Detective Nathan Kouri and certain unnamed LAPD officers brutally beat him in his home on December 7, 2005, in violation of his civil rights. Second, plaintiff claims that the City of Los Angeles (the "City") is responsible for the training of LAPD officers and, therefore, should be held responsible for the officers' actions. Third, plaintiff claims that Los Angeles Children Services ("LACS") failed to protect him from the brutal beating by LAPD officers, even though one of its agents was present. Fourth, plaintiff claims that all defendants conspired to fabricate testimony and other evidence that was used to have his case transferred from juvenile court to superior court and, ultimately, to convict him.

Plaintiff claims that, as a result of the beating, he suffered serious injuries, including a crushed cheekbone, eye damage, other broken bones, "and major pain sites all over [his] body." (Complaint at 5.) He seeks declaratory relief and compensatory and punitive damages. (Complaint at 6.)

## DISCUSSION

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.      Plaintiff Must Name All Defendants In the Caption**

Plaintiff names only "Nathan Kouri, Los Angeles Southeast 108th Street Division Police Detective" as a defendant in the caption of the Complaint. (Complaint at 1.) In the body of the Complaint, however, Plaintiff makes allegations against defendants not named

in the caption, including: (1) LAPD Officers Does 1-20; (2) the City; and (3) LACS. (Complaint at 3-4.)

The individuals or entities named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If plaintiff files an amended complaint, he must include in the caption the names of each defendant against whom he is asserting a claim. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States marshal to serve the amended complaint on any named defendant not identified in the caption.

## II.     Plaintiff Must Comply With Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8(a) states:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Id. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e).

Although the Court must construe a pro se plaintiff's complaint liberally, plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in the complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).

While it appears that the allegations of the Complaint arguably are sufficient to state an excessive force claim against defendants Kouri and Does 1-20, the Complaint does not contain a short and plain statement of plaintiff's claims sufficient to provide the City or LACS with notice of their allegedly wrongful acts. See, e.g., Brazil, 66 F.3d at 199. To state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that each defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). It also does not contain a short and plain statement of plaintiff's claims for conspiracy sufficient to provide any of the defendants with notice of their allegedly wrongful acts. If plaintiff chooses to file an amended complaint, he should articulate each claim separately and state which particular acts are alleged to have been committed by which particular defendants.

**III.    Plaintiff Has Failed to State a Monell Claim Against LAPD and LACS**

A local government entity such as the City or LACS, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 694 (1978). Neither the City nor LACS can be held liable for the alleged actions of its officers unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436

U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which City or LACS agents or employees allegedly inflicted the injuries about which plaintiff is complaining. The Court, therefore, finds that the allegations of the Complaint are insufficient to state a claim upon which relief may be granted against the City or LACS.

### IV. Plaintiff Has Failed to State a Claim for Conspiracy

Plaintiff alleges that the defendants conspired to have his case transferred from juvenile court to superior court and to convict him wrongfully. "To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989); see also Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 506 U.S. 999 (1992). Here, the Court finds that plaintiff's conclusory allegations do not give rise to an inference that any of the defendants, acting under color of state law, conspired with each other to violate plaintiff's constitutional rights. Rather, the Court finds that plaintiff's conclusory allegations about the conspiracy do not rise "above the speculative level." Twombly, 550 U.S. at 555.

### V. Plaintiff's Conspiracy Claim Appears to Be Barred by Heck v. Humphrey

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, if a judgment in favor of plaintiff on his civil rights damages claim necessarily will imply the invalidity of his conviction or sentence, the claim must be dismissed unless plaintiff can demonstrate that the conviction or sentence already has been invalidated. Id. at 486-87. Here, plaintiff appears to allege that defendants conspired to convict him. A judgment in his favor on this claim necessarily would imply the invalidity of his conviction. Plaintiff has made no showing that the conviction has been invalidated. Accordingly, plaintiff's conspiracy claim appears to be barred by Heck.

* * * * * * * * *

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Defendant must name separately each individual defendant against whom he brings his claims, identify clearly the basis for each of his claims, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous Complaint or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit. Plaintiff must write legibly.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and for failure to comply with a Court order.**

DATED: March 1, 2010            */s/ John E. McDermott*
                                                 JOHN E. MCDERMOTT
                                   UNITED STATES MAGISTRATE JUDGE