

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TRYON LARRY SMITH,

            Plaintiff,

   v.

NATHAN KOURI, *et al.*,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. CV 09-9219 CAS (JCG)

MEMORANDUM AND ORDER
DISMISSING FIRST AMENDED
COMPLAINT, IN PART, WITH
LEAVE TO FILE A SECOND
AMENDED COMPLAINT WITHIN
THIRTY DAYS

**I.**

**PROCEEDINGS**

A.   <u>Dismissal of Original Complaint</u>

On January 11, 2010, plaintiff Tryon Larry Smith ("Plaintiff"), a California

prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint

("Complaint") pursuant to 42 U.S.C. § 1983.  (Compl. at 1.)  The Complaint named

four defendants:  (1) Police Detective Nathan Kouri; (2) "City of Los Angeles Police

Department" ("LAPD"); (3) "Police Officers (Does 1-20)"; (4) "City of Los Angeles"

(the "City"); and (5) "City of Los Angeles Children Services" ("Children's Services").

(Compl. at 3-4.)

Pursuant to the provisions of the Prison Litigation Reform Act ("PLRA"), the Court screened the Complaint and found it deficient in several respects: (1) Plaintiff failed to name all of the defendants in the caption of the Complaint; (2) Plaintiff failed to properly state a claim under Federal Rule of Civil Procedure 8 against the City and Children's Services; (3) Plaintiff failed to state a conspiracy claim against any of the defendants; (4) Plaintiff failed to state a *Monell* claim against the City, LAPD, and Children's Services[1]; and (5) Plaintiff's conspiracy claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  (Court's Mar. 1, 2010 Order at 3-6.)  Accordingly, the Court dismissed the Complaint, but granted Plaintiff leave to amend.  (*Id.* at 7.)

B.     Filing of First Amended Complaint

On May 5, 2010, Plaintiff filed a First Amended Complaint ("FAC") against police officers Nathan Kouri, J. Zamora, P. Montejano, J. Townsend, and C. Fenstemacher (collectively "Officer Defendants"), and Children's Services agent Julie Middleton ("Defendant Middleton").  (FAC at 1, 3-4a.)[2]  The Officer Defendants are sued in their individual capacities only.  (*Id.* at 3-4.)  The FAC fails to indicate in what capacity Defendant Middleton is being sued.  (*See id.* at 1, 4a.)

The FAC cures the deficiencies previously identified by the Court:  (1) the City, LAPD, and Children's Services are no longer named defendants to this action; (2) Plaintiff does not re-allege his purported conspiracy claim; and (3) Plaintiff names all of the defendants in the caption of the FAC.  (*See generally*  FAC at 1-6.)  However, for the reasons stated below, the Court finds that Plaintiff's claim against Defendant Middleton, whether in her individual or official capacity, fails to state a claim upon which relief could be granted.

---

[1]     In *Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658, 691 (1978), the Supreme Court rejected municipality liability based on the doctrine of *respondeat superior*.

[2]     The Court designates the page between 4 and 5 as page 4a, and the pages between 5 and 6 as pages 5a through 5d.

1

## II.

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

2

3        Plaintiff alleges that on December 7, 2005, he was "brutally attacked,

4   [assaulted,] and beaten by the" Officer Defendants at his parents' Los Angeles

5   area home.  (FAC at 3, 5-5a.)  Plaintiff, a minor at the time of the incident, claims

6   that he was not at school on the day at issue because he was sick at home with "a

7   very high fever."  (*Id*. at 5, 5a.)  Plaintiff allegedly "slept the whole day" up until

8   around 5:30 pm, when he "came to with" the Officer Defendants "pulling [him] out

9   of bed, [and] kicking and punching [him] brutally until[] [he] was knocked

10  [unconscious] by the brutal ass[a]ult."  (*Id.* at 5a.)  As a result, Plaintiff states that

11  his face was "disfigured" and "grotesquely swollen" with his "cheek bone crushed

12  in" and "eye severely damaged."  (*Id.*)  Plaintiff further alleges that he had broken

13  bones and "maj[o]r pain sites all over [his] body," and that his eye injury "required

14  emergency surgery."  (*Id.*)

15       Plaintiff claims that Defendant Middleton arrived at his parents' house with

16  the Officer Defendants on the day of the incident.  (FAC at 5b.)  She was also

17  "present during the whole ordeal," but "stood idly by and allowed the ass[a]ult to

18  take place."  (*Id.*)  Prior to the assault, Defendant Middleton took Plaintiff's

19  younger "brother and sister into custody[,]" but did not take Plaintiff into custody.

20  (*Id.*)  Plaintiff contends that Defendant Middleton could have prevented the beating

21  "altogether" if she had taken him into custody with his siblings.  (*Id.*)

22       Based upon these factual allegations, Plaintiff claims that the Officer

23  Defendants and Defendant Middleton violated his Fourth Amendment rights by

24  using unnecessary and "unreasonable force" in unlawfully "beating ... a minor

25  under the guise of apprehension and detention."  (FAC at 5.)  Plaintiff further

26  alleges that Defendant Middleton exhibited a "wilful [and] deliberate indifference

27  and reckless disregard" to the alleged beating.  (*Id.*)  For his injuries, Plaintiff seeks

28  compensatory and punitive damages, as well as declaratory relief.  (*Id.* at 6.)

## III.

## LEGAL STANDARDS

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding *in forma pauperis*, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(e)(2)-(h) and 1915A.  Under these provisions, the Court must *sua sponte* dismiss any prisoner civil rights action and all other *in forma pauperis* complaints, or any portions thereof, which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune.  *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).  Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988, *as amended* Feb. 27, 1990 and May 11, 1990).

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8 does not require "detailed factual allegations," a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* (internal citation omitted).  Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads [enough] factual content [to] allow[] [a] court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) the

1   conduct he complains of was committed by a person acting under color of state law;

2   and (2) that the conduct violated a right secured by the Constitution or laws of the

3   United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir.

4   2009, *as amended* Jan. 15, 2009 and Jan. 30, 2009), *cert. granted in part*, 130 S.Ct.

5   1501 (2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

6                                               **IV.**

7                                        **DISCUSSION**

8           A.       Plaintiff Fails to State a *Monell* Claim Against Defendant Middleton in

9                    her Official Capacity

10          It is unclear from the FAC whether Defendant Middleton is being sued in her

11   official capacity.  Assuming that she is, the Court finds that Plaintiff fails to state a

12   *Monell* claim against the City or Children's Services.  Official-capacity claims

13   "against individual municipal officers are claims against the municipality itself."

14   *Hill v. Baca*, 2010 WL 1727655, at *5 (C.D. Cal. Apr. 26, 2010); *see also Monell*,

15   436 U.S. at 690 n. 55; *Green v. Baca*, 306 F.Supp.2d 903, 907 (C.D. Cal. 2004)

16   ("[b]y suing [the Los Angeles County Sheriff] in his official capacity, plaintiff has

17   asserted claims against Los Angeles County and/or the Los Angeles Sheriff's

18   Department").

19          However, a local government entity "may not be sued under § 1983 for an

20   injury inflicted solely by its employees or agents.  Instead, it is when execution of a

21   government's policy or custom ... inflicts the injury that the government as an entity

22   is responsible under § 1983." *Monell*, 436 U.S. at 694.  Thus, a plaintiff must

23   establish that "the action that is alleged to be unconstitutional implements or

24   executes a policy ..., ordinance, regulation, or decision officially adopted and

25   promulgated by" the municipality, or that the action was "visited pursuant to a

26   governmental 'custom[.]'" *Id.* at 690-691.  Plaintiff must show that "deliberate

27   action[,] attributable to the municipality itself[,] is the 'moving force' behind the

28   plaintiff's deprivation of federal rights." *Bd. of County Comm'rs of Bryan County*

                                                5

1 │ *v. Brown*, 520 U.S. 397, 400 (1997) (internal citation omitted).

2 │       Here, Plaintiff has not identified any policy, ordinance, or custom of the City

3 │ or Children's Services that was the "moving force" behind the alleged deprivation

4 │ of Plaintiff's constitutional rights.  *See Bd. of County Comm'rs*, 520 U.S. at 400.

5 │ Indeed, Plaintiff fails to identify any policy, ordinance, or custom *at all* in the FAC

6 │ for any purpose.  Accordingly, to the extent Plaintiff has sued Defendant Middleton

7 │ in her official capacity, such claim is dismissed for failure to state a *Monell* claim

8 │ upon which relief could be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

9 │       B.    <u>Plaintiff Also Fails to State a Claim Against Defendant Middleton in</u>

10 │            <u>her Individual Capacity</u>

11 │       Plaintiff claims that Defendant Middleton violated his Fourth Amendment

12 │ rights by failing to act or protect Plaintiff during the alleged beating.  (FAC at 5.)

13 │ To state a claim against a particular defendant under § 1983, Plaintiff must allege

14 │ that the defendant deprived Plaintiff of a right secured by the Constitution or other

15 │ federal law.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th

16 │ Cir. 1988).  "A person deprives another 'of a constitutional right ... if he does an

17 │ affirmative act, participates in another's affirmative acts, or omits to perform an act

18 │ which he is legally required to do that causes the deprivation of which the plaintiff

19 │ complains.'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (*quoting Johnson*

20 │ *v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (brackets omitted).  "The inquiry into

21 │ causation must be individualized and focus on the duties and responsibilities of

22 │ each individual defendant whose acts or omissions are alleged to have caused a

23 │ constitutional deprivation." *Id.*

24 │       Here, there is no allegation that Defendant Middleton affirmatively

25 │ participated in the alleged beating of Plaintiff.  Thus, the Court's focus is on

26 │ whether Defendant Middleton's failure to act could subject her to § 1983 liability.

27 │ The Court is not aware of any authority, nor has Plaintiff provided any, that would

28 │ "legally" mandate an employee of Children's Services to attempt to stop five police

6

1   officers from using excessive force while arresting an individual. *See Leer*, 844

2   F.2d at 633. Defendant Middleton appears to be nothing more than a mere

3   bystander and would have likely placed herself in danger, or otherwise been

4   harmed, if she had attempted to involve herself in Plaintiff's arrest.[3] Plaintiff

5   himself acknowledges that Defendant Middleton was "informed to stay clear of ...

6   Plaintiff ... and not involve herself" since Plaintiff was the "targeted individual[.]"

7   (FAC at 5b.)

8       The Court is cognizant that police officers, in limited situations, can be held

9   liable for a violation of § 1983 even where "they [do] not directly engage in the

10  unconstitutional conduct themselves." *Hopkins v. Bonvicino*, 573 F.3d 752, 770

11  (9th Cir. 2009), *cert. denied*, 2010 WL 1265866 (2010); *see also Chuman v. Wright*,

12  76 F.3d 292, 294 (9th Cir. 1996). But even under such a theory of liability, the

13  Ninth Circuit requires "integral participation by each officer as a predicate to

14  liability." *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004) (internal

15  quotation marks omitted); *see also Chuman*, 76 F.3d at 294 ("[b]eing a mere

16  bystander [is] insufficient[]"); *Wisler v. City of Fresno*, 2007 WL 833060, at *5

17  (E.D. Cal. Mar. 16, 2007) ("liability under Section 1983" on an "excessive force"

18  claim "requires integral participation by officers rather than simple participation in

19  a team effort").

20      Here, even assuming for argument's sake that Defendant Middleton was a

21  police officer, she is plainly not alleged to be an *integral participant* in the alleged

22  beating of Plaintiff. She was, at most, a nonparticipant spectator. Accordingly, the

23  Court finds that Plaintiff's claim against Defendant Middleton, in her individual

24  capacity, must be dismissed for failure to state a claim upon which relief could be

25  granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

26

27

28  _____

    [3]   The Court notes that Defendant Middleton might have even violated some laws if
    she had attempted to prevent the Officer Defendants from arresting Plaintiff.

1

**V.**

**LEAVE TO AMEND**

The Court must construe "pro se pleadings ... liberally ..., particularly where civil rights claims are involved." *Balistreri*, 901 F.2d at 699.  But "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Ala.*, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, *pro se* litigants must be given leave to amend unless it is absolutely clear that the deficiencies in a complaint cannot be cured.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*).  As the Court is unable to determine whether amendment to the Complaint would be futile, leave to amend is granted in an abundance of caution.

By June 28, 2010, Plaintiff may submit a Second Amended Complaint to cure the deficiencies discussed above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing the Second Amended Complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the Second Amended Complaint and dismiss this action without further notice.

If Plaintiff chooses to file a Second Amended Complaint, it must comply with Federal Rule of Civil Procedure 8, and contain short, plain statements explaining:  (1) the constitutional right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  *See* 42 U.S.C. § 1983; Fed. R. Civ. P. 8; *see also Humphries*, 554 F.3d at 1184; *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  If Plaintiff fails to affirmatively link the conduct of the defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant has violated a constitutional right are not acceptable and will be dismissed.

1   Plaintiff must clearly designate on the face of the document that it is the

2   "Second Amended Complaint," and it must be retyped or rewritten in its entirety on

3   the court-approved form.  The Second Amended Complaint may not incorporate

4   any part of the FAC by reference.

5   Any amended complaint supercedes the prior Complaint.  *Ferdik v. Bonzelet*,

6   963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  After

7   amendment, the Court will treat the FAC as nonexistent.  *Id.*  Any claim that was

8   raised in the FAC is waived if it is not raised again in the Second Amended

9   Complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.

## ORDER

12   1.   Plaintiff's claims against Defendant Middleton, in her individual and

13   official capacities, are **DISMISSED** with leave to amend, pursuant to 28 U.S.C. §§

14   1915(e)(2) and 1915A, for failure to state a claim on which relief may be granted.

15   2.   Plaintiff is given leave to amend and is **GRANTED** up to and

16   including **June 28, 2010**, to file a Second Amended Complaint curing the

17   deficiencies discussed above.  Plaintiff is **NOTIFIED** that the Second Amended

18   Complaint may not add new claims or new defendants that were not involved in the

19   conduct, transactions, or occurrences set forth in the First Amended Complaint.

20   Fed. R. Civ. P. 15(c).  The Second Amended Complaint shall be retyped or

21   rewritten so that it is complete in itself without reference to the First Amended

22   Complaint, and shall be submitted on the court-approved form.  After amendment,

23   the Court will treat the First Amended Complaint as nonexistent.

24   3.   If Plaintiff fails to file a Second Amended Complaint by June 28,

25   2010, and/or such Second Amended Complaint fails to comply with the

26   requirements set forth in this Memorandum and Order, the Court may recommend

27   that this action, or portions thereof, be dismissed with prejudice.

28   4.   The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner civil

1 | rights complaint form so that he may amend the First Amended Complaint.

2

3 |       IT IS SO ORDERED.

4

5 | DATED:  May 28, 2010

6 | _____

7 |          Hon. Jay C. Gandhi
      United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28